IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred Eugene McDay,<br><br>    Petitioner,<br><br>vs.<br><br>Warden Mary Hennessey; Terry Goddard,<br><br>    Respondents. | No. CIV 05-1395-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

Fred Eugene McDay filed a timely petition for writ of habeas corpus on May 11, 2005, challenging his conviction for disorderly conduct, with two prior convictions, and the imposition of a mitigated 3-year prison term (Doc. #1). He contends his constitutional rights were violated by the trial court as follows: 1) by not letting him confront his accusers; 2) by failing to let the jury hear all the evidence; 3) by convicting him of a lesser-included offense without allowing him to rebut the charge; and 4) by committing a *Blakely* violation. Respondents contend that all of McDay's grounds are procedurally defaulted.   For the reasons stated below, the Court recommends that McDay's petition be denied and dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

The facts are summarized in the court of appeals memorandum decision:

> On May 23, 2003, McDay entered the Savers store at 35th Avenue and Bell Road in Phoenix. A store employee saw him pick up a pair of shoes, and,

when he saw McDay begin to carry the shoes out of the store without paying for them, the employee stopped him and asked if he would like to pay for the shoes. McDay responded that he had previously purchased the shoes and brought them into the store with him. McDay ultimately left the store with the shoes. When the same employee then approached McDay outside, McDay turned around with an open utility knife, "telling [the employee] he was going to cut [him]." The employee returned to the store and called the police, who located McDay at a bus stop near the store and arrested him. McDay was indicted for aggravated assault, a class 3 dangerous felony.

McDay's trial ended in a mistrial after jurors failed to reach a verdict. McDay was retried and convicted of a lesser offense of disorderly conduct, which the jury deemed a dangerous offense. The parties stipulated that McDay had two prior historical felony convictions from 1997 and 2002. He was sentenced to a mitigated term of three years, with 238 days of pre-sentence incarceration credit, to be served concurrently with his sentence for the 2002 conviction, and he timely appealed.

In his direct appeal, counsel filed an *Anders* brief, and with leave of court, McDay filed a *pro per* supplemental brief, raising the following issues:

1) that he was improperly excluded from the grand jury proceedings and was not afforded counsel to represent him;

2) that his indictment contained false evidence;

3) that the trial court erroneously refused to permit the indictment to be admitted as substantive evidence;

4) that the trial court failed to order, *sua sponte*, a mental health examination pursuant to Rule 11 of the Arizona Rules of Criminal Procedure;

5) that his jury pool was polluted when, during voir dire, a juror stated that he or she could not be fair and impartial;

6) that the testimony was inconsistent with the store's security videotape, and no evidence was presented that the shoes belonged to the store;

7) that he did not remember being advised of the lesser-included disorderly conduct offense and did not have an opportunity to contest that charge;

8) that the trial court improperly denied his motion for a mistrial;

1          9)      that the trial court erroneously used his two prior felony convictions to "increase his misdemeanor [conviction] to a felony" without a trial after McDay had invoked his Fifth Amendment privilege against self-incrimination;

           10)     that the trial court contravened *Blakely v. Washington*, 542 U.S. 296 (2004), by using his prior felony convictions to enhance his sentence after duping him into waiving his right to a trial on that issue;

           11)     that the trial court was biased against him; and

           12)     that the proceedings were erroneously transcribed.

(*Id*. Exh I).  The court of appeals affirmed his conviction and sentence (*Id*., Exh B at 10). McDay did not pursue collateral relief under Rule 32 (*Id*., Exh J - Maricopa County Criminal Docket #CR2003-014552-001).

## EXHAUSTION OF REMEDIES

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v.*

1  *Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)
2  (O'Connor, J., concurring).  If remedies are available in state court, then the federal court
3  may dismiss the petition without prejudice pending the exhaustion of state remedies.  *Id.*
4  However, if the court finds that the petitioner would have no state remedy were he to return
5  to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489
6  U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal
7  court may decline to consider these claims unless the petitioner can demonstrate that a
8  miscarriage of justice would result, or establish cause for his noncompliance and actual
9  prejudice.  *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.
10 722, 750-51 (1991);  *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
11 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

12 Further, a procedural default may occur when a Petitioner raises a claim in state court,
13 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.
14 at 730-31.  In such cases, federal habeas review is precluded if the state court opinion
15 contains a plain statement clearly and expressly relying on a procedural ground "that is both
16 'independent' of the merits of the federal claim and an 'adequate' basis for the court's
17 decision." *See Harris*, 489 U.S. at 260.  A state procedural default ruling is "independent"
18 unless application of the bar depends on an antecedent ruling on the merits of the federal
19 claim.  *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S.856
20 (2002).  A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"
21 *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,
22 262-63 (1982)).  In cases in which a state prisoner has defaulted his federal claims in state
23 court pursuant to an independent and adequate state procedural rule, just as in cases
24 involving defaulted claims that were not fairly presented, federal habeas review of the claims
25 is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual
26 prejudice to excuse the default.  *See Coleman*, 501 U.S. at 750-51.

27 In Ground I McDay alleges that his Sixth Amendment right to confront his accusers
28 and challenge evidence was violated in several respects; two of these claims of error are

1 raised for the first time in his federal petition. Neither the lack of a preliminary hearing nor
2 his being charged with two offenses on separate dates and times was ever raised in prior state
3 court proceedings, and therefore neither has been fairly presented. McDay would have no
4 state remedy were he to return to the state court, so these claims are considered procedurally
5 defaulted. *Teague v. Lane*; *White v. Lewis*. In addition, he did assert on direct appeal that it
6 was error that neither he nor his attorney was present during the grand jury proceedings.
7 However, the issue was raised by McDay and decided by the court of appeals by applying
8 state law, with reference to Rule 12.5 of the Arizona Rules of Criminal Procedure, which
9 outlines the circumstances under which a person being investigated or his attorney are
10 entitled to be present at grand jury proceedings. *See* Doc. #8, Exh B at 4. His claim that the
11 state presented false allegations and information to the grand jury was also presented to the
12 court of appeals and rejected, again by the court citing the state rule of procedure that deems
13 a claim of a denial of substantial procedural rights stemming from allegedly improper
14 proceedings to be waived if not timely made. *See Id.* McDay's claim that the trial court
15 erred by excluding the indictment as substantive evidence was rejected by the court of
16 appeals upon a finding that the trial court acted within its discretion in excluding use of the
17 indictment. *See Id.* at 5. His claim of jury bias was rejected by the court of appeals because
18 the prospective juror who admitted he couldn't be impartial was not empaneled, and McDay
19 did not present any evidence, nor did the record reflect, that his comment made it impossible
20 for the empaneled jurors to remain fair and impartial. *See Id.* at 6. Therefore, the claims
21 raised in Ground I are either procedurally defaulted, as state law claims are not cognizable
22 in federal habeas proceedings, *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991), or are without
23 merit. *See* 28 U.S.C. § 2254(b)(2).

24 In Ground II, McDay contends that his rights under the "Fourth or Sixth Amendment"
25 were violated when the trial court did not expose the jury to all the evidence. He argues that
26 the jury was provided only photographs of several items of physical evidence; that the store
27 did not prove it possessed the shoplifted shoes on the day of the incident; and concludes that
28 the absence of such evidence is the result of judicial bias. Assuming that is sufficient to alert

- 5 -

this Court to the underlying federal legal theory, *see Castillo v.McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005), the ground is still not appropriate for federal habeas review. On direct appeal, he argued that the employee's testimony differed from the security videotape, and that there was a lack of evidence that the shoes belonged to the store. He did not raise the issue as a constitutional claim on direct appeal, and the court of appeals decided it as a matter of state law: that it is the province of the jury, not the appellate court, to evaluate the weight and credibility of the evidence (*Id.* at p. 6). Therefore, Ground II, as a state law claim, is not cognizable in federal habeas proceedings, *see Estelle v. McGuire*, and in any event, is without merit. *See* 28 U.S.C. § 2254(b)(2).

In Ground III, McDay asserts that his rights under the "Fourth or Sixth Amendment" were violated when he was convicted of a lesser-included offense with no right to address it at trial. Again, assuming that is sufficient to alert this Court to the underlying federal legal theory, *see Castillo v. McFadden*, it is still not proper for federal habeas review. On appeal, he argued that he did not remember the offense being mentioned, and therefore had no opportunity to refute it. He made no reference to a constitutional violation, and the court of appeals relied on Rule 23.3, Arizona Rules of Criminal Procedure, which requires that the jury consider "not only the offense with which a defendant is charged but also 'all offenses necessarily included in the offense charged' and that the verdict form include any lesser offense" (*Id.*). Recognizing that disorderly conduct is an offense necessarily included in the offense of aggravated assault, the court of appeals determined that the trial court was correct in requiring the jury to consider that offense (*Id.*). Ground III is, as a state law claim not cognizable in federal habeas proceedings, s*ee Estelle v. McGuire*, and in any event, without merit. *See* 28 U.S.C. § 2254(b)(2).

In Ground IV, McDay alleges that the trial court violated his constitutional rights and *Blakely* by using his prior felony convictions to aggravate his sentence without submitting the prior convictions to the jury. On direct appeal, the court of appeals found that because McDay received a *mitigated* sentence, enhanced by his two prior convictions, there was no *Blakely* violation. The court reasoned that under the specific language in *Blakely*, prior

1 convictions need not be submitted to the jury, and that the imposition of a mitigated sentence
2 is, by definition, not "beyond the prescribed statutory maximum" (*Id*. at 8).  This is a
3 reasonable application of *Blakely*.  See 28 U.S.C. § 2254(d).

4       **IT IS RECOMMENDED** that Petitioner Fred Eugene McDay's petition for writ of
5 habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc.#1).

6       This recommendation is not an order that is immediately appealable to the Ninth
7 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
8 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
9 parties shall have ten days from the date of service of a copy of this recommendation within
10 which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules
11 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within
12 which to file a response to the objections.  Failure timely to file objections to the Magistrate
13 Judge's Report and Recommendation may result in the acceptance of the Report and
14 Recommendation by the district court without further review.  *See United States v. Reyna-*
15 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
16 determinations of the Magistrate Judge will be considered a waiver of a party's right to
17 appellate review of the findings of fact in an order or judgment entered pursuant to the
18 Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

19       DATED this 23rd day of August, 2005.

_____
David K. Duncan
United States Magistrate Judge